IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT CARLSON,

    Plaintiff,

v.                                         Civ. No. 15-114 SCY/GBW

MONARCH PROPERTIES, INC.,
AND PC TUSCANY, LLC,

    Defendants.

## ORDER TO AMEND NOTICE OF REMOVAL

This matter is before the Court on review of the record. Defendant Monarch Properties, Inc., ("Monarch") removed this case to federal court pursuant to 28 U.S.C. § 1332 on February 6, 2015, stating that "[t]here is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy is greater than $75,000 . . . ." *Doc. 1* at 2. This Court has an independent duty to determine *sua sponte* whether it has subject matter jurisdiction over this action. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). For the following reasons, the Court concludes that the Notice of Removal fails to allege the necessary facts to sustain federal diversity jurisdiction. Defendant Monarch is therefore ordered to file an amended Notice of Removal by no later than **April 30, 2015**, or otherwise indicate that diversity jurisdiction does not exist.

"Since federal courts are courts of limited jurisdiction, there is a presumption

1

against . . . jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Penteco Corp. Ltd. P'ship–1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). Jurisdictional facts such as citizenship must be proven by a preponderance of the evidence. *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). Diversity jurisdiction pursuant to 28 U.S.C. § 1332 requires complete diversity: "the citizenship of each plaintiff [must be] diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Determining the citizenship of a limited liability company is different than determining the citizenship of a corporation under 28 U.S.C. § 1332. For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). However, "[a] limited liability company is a citizen of every state of citizenship of any of its members." *Walker v. THI of N.M. at Hobbs Ctr.*, 803 F. Supp. 2d 1287, 1326 (D.N.M. 2011) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990)).

In alleging diversity jurisdiction, Defendant Monarch states that "Defendant PC Tuscany, LLC is a corporate citizen in a state other than New Mexico in that it was incorporated in the State of Utah and has its principal place of business in the State of Utah." *Doc. 1* at 2. Defendant Monarch makes no allegation regarding the citizenship of PC Tuscany, LLC's members. Because Defendant PC Tuscany LLC is a limited

liability company, the Notice of Removal fails to establish its citizenship because it does not mention the citizenship of its members. Without this information, the Court is unable to assess whether federal diversity jurisdiction exists.

IT IS THEREFORE ORDERED that Defendant Monarch shall amend its Notice of Removal to properly allege the citizenship of Defendant PC Tuscany, LLC, by no later than **April 30, 2015**.

IT IS FURTHER ORDERED that, if an investigation into the citizenship of PC Tuscany, LLC, reveals that there is not complete diversity of citizenship among the parties, or Defendant Monarch fails to file an amended Notice of Removal within the time allotted, the Court may dismiss this action without prejudice.

IT IS SO ORDERED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE